STATE OF NORTH CAROLINA v. FRED PARKER, JR., JIMMIE PARKER, AND McHARVEY McCLAIN

No. 697SC51

(Filed 28 May 1969)

**Criminal Law § 76— admissibility of confessions — voir dire hearing — failure to find facts**

Where there is conflicting evidence offered at a *voir dire* hearing to determine the admissibility of defendants' purported confessions, failure of the trial judge (1) to make findings of fact with respect to whether the confessions were freely and voluntarily made and (2) to rule on the question as to whether such were made freely and voluntarily constitutes prejudicial error.

APPEAL by defendants from *Mintz, J.,* 15 July 1968 Session of Superior Court of WILSON County.

Each defendant was tried and was either convicted or pleaded guilty in the Recorder's Court of the City of Wilson on a separate warrant charging that each did unlawfully, wilfully, wantonly and maliciously injure and destroy real property of V. W. Hall, to wit, the plate glass windows in the Super Duper Market on E. Nash St. in the City of Wilson. From a judgment imposing a prison sentence each defendant appealed to the Superior Court.

The State offered in evidence statements of the defendants made after they were picked up and talked to by the officers. The evidence

tended to show that on the night of 6 April 1968 the windows in the building occupied by the prosecuting witness, V. W. Hall, were broken by rocks, sticks, or other objects being thrown through them. The State offered evidence tending to show that each defendant admitted to the officers, while they were being talked to by the officers, that they participated in breaking the windows in the Super Duper Market. The defendants offered evidence which in substance tended to show that the statements they made to the officers were made after they were arrested without a warrant while they were in custody and that said statements were not voluntarily made. The defendants also offered evidence which in substance tended to show that they did not make any inculpatory statements to the officers.

The evidence was contradictory as to whether the defendants were actually arrested without a warrant for misdemeanors not committed in the presence of the officers. The jury returned a verdict of guilty as to each defendant and from judgment of imprisonment each defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan and Assistant Attorney General Bernard A. Harrell for the State.*

*Chambers, Stein, Ferguson and Lanning by James E. Ferguson, II, for defendants.*

MALLARD, C.J.

The defendants did not docket the record on appeal within the time required by Rule 5 of the Rules of Practice in the Court of Appeals. The defendants filed a petition for a writ of certiorari which is allowed, and the case is decided on its merits.

The evidence of the State on a voir dire examination as to whether the statements of the defendants were freely and voluntarily made was sharply contradicted by the defendants. The trial judge without making any findings of fact as to whether the statements were voluntarily made, and without ruling thereon, permitted the officers to testify with respect thereto.

The defendants assign as error the admission into evidence, over their objection, of the testimony of the police officers concerning the inculpatory statements made by each of the defendants. Each defendant asserts that the statement was coerced, and was made after he was arrested without a warrant, and was made while each defendant was in custody, if in fact it was made at all.

It has been held by the Supreme Court of North Carolina in the

recent case of *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53, that when there is conflicting evidence offered at a voir dire hearing to determine the admissibility of a confession, the trial judge must make findings of fact, not just conclusions, to show the basis of his ruling on the admissibility of the evidence offered.

In the case before us, after the voir dire was held, testimony of the police officers concerning the purported confessions was received into evidence over the objection of the defendants. The failure of the trial judge to make findings of fact with respect to whether the confessions were freely and voluntarily made and the failure to rule on the question as to whether such were made freely and voluntarily constitutes prejudicial error, entitling the defendants, and each of them to a new trial.

New trial.

BRITT and PARKER, JJ., concur.